IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

**ROBERT WAKEMAN,** individually, and on behalf of others similarly situated,

    Plaintiff,

vs.

**COPIERS PLUS, INC.,**

    Defendant.

Civil Case No.

**COLLECTIVE AND CLASS ACTION
COMPLAINT WITH JURY DEMAND**

Plaintiff Robert Wakeman, individually and on behalf of all others similarly situated, by and through his attorneys The Noble Law Firm and JTB Law Group, LLC, hereby brings this Collective and Class Action Complaint against Defendant Copiers Plus, Inc., and states as follows:

**INTRODUCTION**

1. Plaintiff brings this action for himself and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiff also brings this action for himself and all other similarly situated Rule 23 class members to recover unpaid straight time wages, pre-judgment interest, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*.

3. Defendant "provides office technology solutions" including "document

management" and "managed print services" and it currently has 5 locations in the State of North Carolina[1].

4. Plaintiff and the putative FLSA collective and Rule 23 class members were employed by Defendant as hourly-paid Service Technicians.

5. Defendant had the Service Technicians fill out the time sheet for their daily work hours but willfully refused to pay them for actual work hours they performed and reported.

6. As a result of Defendant's common unlawful policies, the Service Technicians were not properly compensated straight time for work performed up to 40 hours per week and overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

7. Plaintiff asserts the FLSA claims on behalf of a putative FLSA collective, defined as:

> *All Service Technicians employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all Service Technicians of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

9. Plaintiff asserts the NCWHA claims on behalf of a putative class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Service Technicians employed by Defendant in the State of North Carolina at any time from 2 years prior to the filing of this Complaint through the date of judgment.*

10. Defendant has willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

---

[1] *See* Defendant's website: https://www.copiers-plus.com/ (last accessed June 18, 2018).

## JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq*.

12. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiff's federal claims.

13. The Court has personal jurisdiction over Defendant because it is incorporated and maintains a principal place of business in the State of North Carolina.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) and (3) because Defendant employed Plaintiff in this district and because a substantial portion of the events that give rise to the Plaintiff's claims occurred in this district.

## PARTIES

15. Defendant Copiers Plus, Inc. is a for-profit entity created and existing under and by virtue of the laws of the State of North Carolina.

16. According to the North Carolina Secretary of State website, Defendant maintains a principal office at 408 Chicago Drive Fayetteville, NC 28306-1586.

17. According to its website, Defendant has at least 5 locations in the State of North Carolina: Fayetteville, Morrisville, Greensboro, Wilmington and Asheville.

18. Plaintiff Robert Wakeman ("Wakeman") is a resident of the County of Cumberland and State of North Carolina.

19. Wakeman was employed by Defendant as an hourly-paid Service Technician from approximately January 2004 to July 2017.

20. Wakeman's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit A**.

## FACTUAL ALLEGATIONS

21. Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

22. Defendant has generated over $500,000.00 in revenue per year.

23. Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

24. Defendant was the "employer" of Plaintiff and the other Service Technicians within the meaning of 29 U.S.C. § 203(d) of the FLSA and N.C. Gen. Stat. § 95-25.2 (5) of the NCWHA.

25. Plaintiff and the other Service Technicians were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) and N.C. Gen. Stat. § 95-25.2 (4) of the NCWHA.

26. Defendant "suffered or permitted" Plaintiff and the other Service Technicians to work and thus "employed" them within the meaning of 29 U.S.C. §203(g) of the FLSA and N.C. Gen. Stat. § 95-25.2 (3) of the NCWHA.

27. Defendant, directly or indirectly, hired Service Technicians including Plaintiff and determined the rate and method of the payment of their wages.

28. Defendant controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of the Service Technicians.

29. The position of Service Technicians is classified as non-exempt.

30. The Service Technicians performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

31. Plaintiff regularly worked 5 days a week.

32. Plaintiff's hourly rate was $19.07 before he was separated from the company.

33. Plaintiff's work schedule was 8 a.m. to 5 p.m. including an unpaid 1 hour lunch break.

34. On multiple occasions Plaintiff worked extra hours outside of his 8-hour work schedule, including work performed before 8 a.m., after 5 p.m. and during meal breaks.

35. In multiple weeks, Plaintiff worked more than 40 hours per week.

36. Defendant had Service Technicians including Plaintiff fill out the time sheet for their daily work hours.

37. Plaintiff filled out the time sheet with his daily work hours including his start and end time, whether he took a lunch break and, if he did, the length of the lunch break.

38. Despite the time sheet with daily work performed by Plaintiff, Defendant willfully refused to pay Plaintiff for all submitted work hours.

39. For example, during the pay period of 11/28/16 to 12/4/16, Plaintiff submitted a time sheet showing he worked a total of 43.95 hours in a workweek, but the paystub shows Defendant only paid him for 40 hours of work, thereby depriving Plaintiff of 3.95 hours of overtime wages during this pay period.

40. For example, during the pay period of 8/15/16 to 8/21/16, Plaintiff submitted a time sheet showing he worked a total of 37.25 hours in a workweek, but the paystub shows Defendant only paid him for 35 hours of work, thereby depriving Plaintiff of 2.25 hours of straight time wages during this pay period.

41. As a result of Defendant's common unlawful policies, the Service Technicians were not properly compensated straight time for work performed up to 40 hours per week and

overtime at a rate of not less than one and one-half (1.5) times their regular rate of pay for work performed over 40 hours per week.

42. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

43. Defendant's violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

44. Plaintiff re-alleges and incorporates all previous paragraphs herein.

45. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly-paid Service Technicians who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in deprivation of overtime, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq.*

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Service Technicians employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

47. Plaintiff brings this collective action against Defendant to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

6

48. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

49. Plaintiff seeks to send Notice to all Service Technicians of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

50. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because: (a) they had the same job position and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

51. The employment relationships between Defendant and every collective member are the same and differ only by name, location, and rate of pay.

52. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

53. Plaintiff and the putative FLSA collective members demand a trial by jury.

## **RULE 23 CLASS ACTION ALLEGATIONS**

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. Plaintiff also seeks to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, for an on behalf all hourly-paid Service Technicians who have been

affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in deprivation of straight time, in violation of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*.

56. Plaintiff brings this Rule 23 class action on behalf of:

> *All Service Technicians employed by Defendant in the State of North Carolina at any time from 2 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

57. Plaintiff brings this Rule 23 class action against Defendant to recover unpaid straight time wages, pre-judgment interest, liquidated damages, and reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 95-25.22.

58. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to identify from Defendant's computer systems and electronic payroll and personnel records.

59. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following: whether the Rule 23 class members were properly compensated straight time wages for work performed up to 40 hours per week.

60. Plaintiff's claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendant's common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendant, as alleged herein. Any lawsuit brought by an employee of Defendant would be identical to a suit brought by any other

employee for the same violations and separate litigation would cause a risk of inconsistent results.

61. Plaintiff was employed by Defendant in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper overtime wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

62. Plaintiff will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiff and his counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

63. Defendant's corporate-wide policies and practices affected all class members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiff's claim arises from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiff and his counsel know of no unusual difficulties in this case.

64. Plaintiff and the Rule 23 class members demand a trial by jury.

## COUNT I
**(29 U.S.C. § 216(b) Individual Claim)**
**<u>Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.</u>**
**<u>FAILURE TO PAY OVERTIME WAGES</u>**

65. Plaintiff re-alleges and incorporates all previous paragraphs herein.

66. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

67. Plaintiff regularly worked more than forty (40) hours per workweek.

68. Defendant failed to properly compensate Plaintiff for all hours worked as alleged herein.

69. Defendant failed to properly pay Plaintiff overtime wages at a rate not less than one and one-half (1.5) times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

70. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

71. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

72. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

### COUNT II
### (29 U.S.C. § 216(b) Collective Action Claim)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME WAGES

73. Plaintiff re-alleges and incorporates all previous paragraphs herein.

74. 29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in

commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

75. In multiple weeks, Plaintiff and the FLSA collective members worked more than forty (40) hours per week.

76. Defendant failed to properly compensate Plaintiff and the FLSA collective members for all hours worked as alleged herein.

77. Defendant failed to properly pay Plaintiff and the FLSA collective members overtime wages at a rate not less than one and one-half (1.5) times their regular rate of pay for all hours they worked in excess of forty (40) per workweek.

78. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

79. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

80. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## COUNT III
### (Individual Claims)
### Violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*
### FAILURE TO PAY STRAIGHT TIME WAGES

81. Plaintiff re-alleges and incorporates all previous paragraphs herein.

82. Defendant failed to properly compensate Plaintiff for all hours worked as alleged

herein.

83. Defendant failed to properly pay Plaintiff straight time wages for work performed up to 40 hours per week.

84. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

85. As a result of Defendant's uniform and common policies and practices described above, Plaintiff was illegally deprived of straight time wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, penalties, reasonable attorneys' fees, costs and other compensation pursuant to NCWHA.

## COUNT IV
### (Fed R. Civ. P. 23 Class Action Claims)
### <u>Violation of the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq*.</u>
### <u>FAILURE TO PAY STRAIGHT TIME WAGES</u>

86. Plaintiff re-alleges and incorporates all previous paragraphs herein.

87. Defendant failed to properly compensate Plaintiff and the Rule 23 class members for all hours worked as alleged herein.

88. Defendant failed to properly compensate Plaintiff and the Rule 23 class members straight time wages for work performed up to 40 hours per week.

89. Defendant's conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

90. As a result of Defendant's uniform and common policies and practices described above, Plaintiff and the Rule 23 class members were illegally deprived of straight time wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, penalties, reasonable attorneys' fees, costs and other compensation pursuant to NCWHA.

# RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(B) A declaratory judgment that Defendant's wage practices alleged herein violate the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*;

(C) An Order for injunctive relief ordering Defendant to comply with the FLSA and NCWHA and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NCWHA claims set forth herein;

(F) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H) Designating Lead Plaintiff as the representatives of the FLSA collective and Rule 23

class in this action;

(I) Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Class in this action;

(J) Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiff and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K) Judgment for damages for all unpaid straight time wages, interest and liquidated damages, to which Plaintiff and the Rule 23 class members are lawfully entitled under the NCWHA, N.C. Gen. Stat. § 95-25.1, *et seq.*;

(L) An incentive award for the Lead Plaintiff for serving as representative of the FLSA collective and Rule 23 class in this action;

(M) Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by the FLSA and NCWHA;

(N) Judgment for any and all civil penalties to which Plaintiff and the FLSA collective and Rule 23 class members may be entitled; and

(O) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiff, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through his attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Respectfully submitted,

Dated: July 20, 2018  /s/Laura L. Noble
Laura L. Noble (N.C. Bar No. 38691)
Nicholas J. Sanservino, Jr. (N.C. Bar No. 36557)
**THE NOBLE LAW FIRM**
141 Providence Rd., Suite 210
Raleigh, NC 27514
T: (919) 251-6008
F: (919) 869-2079
lnoble@thenoblelaw.com
nick@thenoblelaw.com

*Local Civil Rule 83.1(d) Counsel for Plaintiff*


Jason T. Brown (*pro hac vice pending*)
Nicholas Conlon (*pro hac vice pending*)
Ching-Yuan Teng (*pro hac vice pending*)
**JTB LAW GROUP, LLC**
155 2nd St., Suite 4
Jersey City, NJ 07302
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Lead Counsel for Plaintiff*